UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | No. 1:11-CR-42 | |
| v. | ) ) ) | Chief Judge Curtis L. Collier | |
| AUGUST ANTHONY FORD | ) | | |

**MEMORANDUM & ORDER**

The Superseding Indictment against Defendant August Anthony Ford ("Defendant") charges him in seventeen counts with various crimes under 18 U.S.C. §§ 922 (felon in possession), 1951 (Hobbs Act), 924 (brandishing a firearm in relation to a crime of violence), and 2114 (assaulting a person having lawful charge of any mail matter or of any money or other property of the United States). Now before the Court is Defendant's motion to dismiss the Superseding Indictment in its entirety on the grounds the conduct alleged was beyond Congress's power to regulate and the charges brought violated the Tenth Amendment of the United States Constitution (Court File No. 43). The government filed no response. Because Defendant's ambitious arguments find no support in the law, the Court **DENIES** Defendant's motion to dismiss the Superseding Indictment (Court File No. 43).

Outside the context of the Speedy Trial Act, dismissing an indictment on defendant's motion is a significant step for a district court to take. "[D]ismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250,

254 (1988).

Motions to dismiss are governed by Rule 12 of the Federal Rules of Criminal Procedure, which permits pretrial consideration of any defense "the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Rule 12 of the Federal Rules of Criminal Procedure provides a defendant may bring a motion challenging "a defect in the indictment or information," including "a claim that the indictment or information fails to invoke the court's jurisdiction." Fed. R. Crim. P. 12(b)(3)(B). Generally, a defense can be determined before trial if it involves questions of law instead of questions of fact on the merits of criminal liability. *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir.1997). Accordingly, the defense may use a Rule 12(b) motion to raise for consideration such matters as "former jeopardy, former conviction, former acquittal, statute of limitations, immunity [and] lack of jurisdiction." *Id.* In considering such motions, a trial court may "ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." *Craft*, 105 F.3d at 1126.

Defendant offers three reasons the Court should dismiss the Superseding Indictment: 1) the conduct alleged had no impact on interstate commerce and thus falls outside of the powers of Congress to regulate; 2) even if there was some impact on interstate commerce, it was *de minimis* and thus should be outside the powers of Congress; and 3) the bringing of charges against him in United States District Court violates the Tenth Amendment of the United States Constitution. In support of these arguments, Defendant quotes extensively from the decision of the Supreme Court of the United States in *United States v. Lopez*, 514 U.S. 549 (1995) holding the Gun-Free School Zones Act unconstitutional as beyond the power of Congress under the Commerce Clause. Defendant also invokes oral argument of the recently decided *Nat'l Fed'n of*

*Indep. Bus. v. Sebelius*, No. 11-393, 567 U.S. ___ (2012), suggesting the minimum coverage provision of the Patient Protection and Affordable Care Act ("ACA") would likely be held unconstitutional as beyond Congress's Commerce Clause Power.[1] Although five justices did conclude the ACA's minimum coverage provision was beyond Congress's Commerce Clause power, Defendant does not explain how that conclusion helps his argument in this case.

The first argument is improper at the motion to dismiss stage because it asks the Court to determine questions of fact more properly decided by a jury. Whether or not the conduct alleged in the Superseding Indictment in fact occurred in interstate commerce is a factual question, and not one given to a simple preliminary finding of fact before the Court considers a legal question. Any finding the Court purports to make on this question would improperly invade the province of the jury, *Craft*, 105 F.3d at 1126, and is therefore not a ground for dismissal of the Indictment.

In his second argument, Defendant asks this Court for a ruling it cannot give. The United States Court of Appeals for the Sixth Circuit has upheld the constitutionality of the various statutes Defendant is charged with violating, *see, e.g.*, *United States v. Valenzeno*, 123 F.3d 365, 368 (6th Cir. 1997) (Hobbs Act valid under the Commerce Clause); *United States v. Chesney*, 86 F.3d 564,69 (6th Cir. 1996)("[U]nder the very language of *Lopez,* § 922(g)(1) is constitutional on its face, and [the defendant]'s facial challenge must fail."), and Defendant himself acknowledges the *de minimis* analysis is the governing law in this circuit, *United States v. Baylor*, 517 F.3d 899, 901-02 (6th Cir. 2008) (upholding *de minimis* standard as applied to Hobbs Act violation). Defendant thus asks this Court "to revisit" the *de minimis* standard (Court File No. 44, p. 1). But this Court is bound by the determinations of the Sixth Circuit, and cannot "revisit" the issue

---

[1] Defendant filed his motion to dismiss before the Supreme Court announced its decision. In *Nat'l Fed'n of Indep. Bus. v. Sebelius*, the Supreme Court upheld the constitutionality of the minimum coverage provision under Congress's power to tax. *See* U.S. Const. art I, § 8.

unless and until the Sixth Circuit does. Defendant can of course pursue this argument on appeal.

Finally, Defendant's Tenth Amendment argument to dismiss the Superseding Indictment must also fail. The Supreme Court observed long ago the Tenth Amendment

> states but a truism that all is retained which has not been surrendered. There is nothing in the history of its adoption to suggest that it was more than declaratory of the relationship between the national and state governments as it had been established by the Constitution before the amendment or that its purpose was other than to allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers.

*United States v. Darby*, 300 U.S. 100, 124 (1941). Thus, the Tenth Amendment can provide here no independent basis to challenge Defendant's Superseding Indictment. Defendant's short discussion and the absence of case law supporting his Tenth Amendment argument demonstrate the weakness of this claim. Simply stated, the Tenth Amendment makes clear the federal government is one of limited powers, and any Congressional act must find support in one of the Constitution's enumerated powers. Because the Commerce Clause provides a basis for the federal criminal statutes under which Defendant has been charged, there is no Tenth Amendment problem in this case.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's motion to dismiss the Superseding Indictment (Court File No. 43).

**SO ORDERED.**

**ENTER.**

/s/_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**